The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAJINDER PAL SINGH, aka JASPAL GILL,<br><br>Defendant. | NO. CR22-0079-JCC<br><br>[~~PROPOSED~~]<br><br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for an Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Rajinder Pal Singh's interest in a sum of money in the amount of $500,000 (also known as a forfeiture money judgment) representing unrecovered proceeds the Defendant obtained as a result of the Conspiracy to Transport and Harbor Certain Aliens for Profit, charged in Count 1, in violation of 18 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I), and (a)(1)(B)(i), pursuant to 18 U.S.C. § 982(a)(6)(A) and 8 U.S.C. § 1324(b)(1), by way of 28 U.S.C.§ 2461(c), some of which was also involved in the Conspiracy to Commit Money Laundering, charged in Count 2, in violation of 18 U.S.C. § 1957 and 1956(h), and is also forfeitable pursuant to 18 U.S.C. § 982(a)(1). The United States seeks a single Order of Forfeiture of a sum of money in the amount of $500,000.

Order of Forfeiture - 1
*United States v. Singh (aka Gill)*, CR22-079-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

- Unrecovered proceeds of the Conspiracy to Transport and Harbor Certain Aliens for Profit, in violation of 18 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I), and 1324(a)(1)(B)(i) – some of which was also involved in the Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1957 and 1956(h) – are forfeitable pursuant to 18 U.S.C. §§ 982(a)(1), (a)(6)(A), and 8 U.S.C. § 1324(b)(1), by way of 28 U.S.C. § 2461(c);
- In the Plea Agreement he entered on February 15, 2023, the Defendant:
    a. admitted that he personally obtained more than $500,000 in cash proceeds from the Conspiracy to Transport and Harbor Certain Aliens for Profit, some of which he dissipated (Dkt. No. 29, ¶ 9, 13);
    b. agreed to forfeit a sum of money in the amount of $500,000, which represents unrecovered proceeds the Defendant personally obtained as a result of the Conspiracy to Transport and Harbor Certain Aliens for Profit (*Id.*, ¶ 9, 13);
    c. admitted that he committed the offense of Conspiracy to Launder Monetary Instruments by conspiring with others to move at least $32,000 of these illicit proceeds using transactions that exceeded $10,000, and to obfuscate the nature of the illicit proceeds, in violation of 18 U.S.C. § 1957 and 1956(h) (*Id.*, ¶ 9m-t); and
    d. agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(1), any property that was involved in the Conspiracy to Launder Monetary Instruments (*Id.*, ¶ 9, 13).

//

Order of Forfeiture - 2
*United States v. Singh (aka Gill)*, CR22-079-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The forfeiture of a sum of money in the amount of $500,000 (the forfeiture money judgment) is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. §§ 982(a)(1), (a)(6)(A), and 8 U.S.C. § 1324(b)(1) by way of 28 U.S.C. § 2461(c), and his Plea Agreement, the Defendant's interest in the above-identified sum of money in the amount of $500,000 is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order of Forfeiture will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3) No right, title, or interest in the sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy the sum of money, in whole or in part, the United States may move to amend this Order at any time to include substitute property having a value not to exceed $500,000;

5) Forfeiture of the sum of money is separate and distinct from any restitution ordered in this case; and

//

//

//

//

Order of Forfeiture - 3
*United States v. Singh (aka Gill),* CR22-079-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 16th day of June, 2023.

THE HON. JOHN C. COUGHENOUR
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

 s/ Krista K. Bush
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Order of Forfeiture - 4
*United States v. Singh (aka Gill),* CR22-079-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970